IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY J. RITCHEY, Special Administrator and Purported Special Trustee,<br>　　　　Plaintiff,<br>　　　　-v-<br>METROPOLITAN LIFE INSURANCE COMPANY, INC., and COURTLAND STOKES,<br>　　　　Defendants.<br><br>IAN FIDLER, Guardian *Ad Litem* for Minor Z.K.,<br>　　　　Interested Party.<br><br>METROPOLITAN LIFE INSURANCE,<br>　　　　Crossclaim Plaintiff,<br>　　　　-v-<br>COURTLAND STOKES,<br>　　　　Crossclaim Defendant.<br><br>COURTLAND STOKES, In His Capacity as the Trustee of the Testamentary Trust of Deceased Pamela Kaye Harris,<br>　　　　Crossclaim Plaintiff,<br>　　　　-v-<br>METROPOLITAN LIFE INSURANCE COMPANY,<br>　　　　Crossclaim Defendant. | No. 19 C 311<br>Hon. Rebecca R. Pallmeyer |

## STOKES' MOTION FOR VARIOUS RELIEF

NOW COMES Crossclaim Plaintiff/Crossclaim Defendant/Defendant Courtland Stokes ("Plaintiff Stokes"), *Pro Se* but with the assistance of his former Attorney of Record, and moves this Honorable Court to enter an Order granting Attorney George Jackson III leave to resume as attorney of record for Plaintiff Stokes, mandating Metropolitan Life Insurance Company ("MetLife") and Attorney Ritchey to provide Plaintiff Stokes with a copy of their files on

Deceased Harris, including the Harris Federal Employee Group Life Insurance Policy, forthwith, and granting Plaintiff Stokes and MetLife leave to file Jurisdictional Memorandum. He states:

**Leave for Attorney Jackson to Return as Attorney of Record**

**1.** With expressed trepidation, Attorney Jackson requests leave to return as Counsel of Record for Courtland Stokes.

**2.** Attorney Jackson has been assisting Plaintiff Stokes effectively without pay.

**3.** Attorney Jackson has assisted Plaintiff Stokes in unraveling 7 years of litigation embrued with purposeful and questionable representations and omissions, and he is compelled to provide Stokes, this Court, and opposing counsel with continuity of counsel.

**4.** Attorney Jackson can continue to assist Plaintiff Stokes as attorney-not-of-record, but that approach exposes Stokes to communicating directly with opposing counsel and possibly making unwitting statements against his interest.

**5.** As attorney-not-of-record Attorney Jackson would not be available for inquiries from the Court or to advance argument on behalf of Mr. Stokes.

**6.** In a matter of full disclosure, Attorney Jackson reveals that he has an extensive Client list, is not accepting new Clients, and has a waiting list of potential new Clients.

**7.** Additionally, he has undertaken amassing a nationwide challenge in the Eleven Appeals Court circuits and in the D.C. Circuit combating unconstitutional practices in some but not all District Courts stemming from fear of COVID-19.

**Disclosure of Harris Insurance Policy**

**8.** Following 7 years of estate litigation from the death of FEGLI insured deceased Pamela Kaye Harris, MetLife has not given Mr. Stokes a copy of the insurance policy.

9. Equally curious, neither Attorney Ritchey nor MetLife attached a copy of the Insurance Policy to their respective pleadings in this case, though legally required as the basis for their Complaint and Crossclaim, respectively.

10. Attorney Jackson has drafted Plaintiff Stokes' Third Amended Crossclaim, but cannot seek leave to file it without obtaining and analyzing the Harris FEGLI Life Policy.

11. Without the Harris Policy, this Court rightfully should dismiss Attorney Ritchey's Complaint, albeit likely without prejudice.

12. Accordingly, Plaintiff Stokes requests this Court to Order both MetLife and Attorney Ritchey to separately disclose the Harris Policy to Plaintiff Stokes, forthwith.

13. At least two more issues loom prominently and may prove dispositive: Whether Deceased Harris created a Trust? Whether she identified a Trustee?

14. Plaintiff Stokes' prior attorneys contended Deceased Harris' Last Will and Testament listed Stokes as the Trustee.

15. Actually, there is no express language identifying Stokes as the Trustee. Rather, there is a combinations of provisions from which one can reasonably extrapolate that Deceased Harris appointed Stokes as Trustee.

16. If the answer to either or both of those questions is, "No," then the specter of a lack of standing, and with that this Court's lack of jurisdiction, would exist.

17. The Court has to first determine that it in fact has jurisdiction before moving forward to litigation.

18. Attorney Ritchey's Memorandum on this topic is at best anemic, we say respectfully.

19. It is uncontroverted that Deceased Harris designated only one beneficiary (the Trustee) for the $400,000 component of her FEGLI Policy.

20. Whether and when the Trust existed requires a complex analysis, which is missing from the Ritchey Memorandum on Jurisdiction.

21. More alarming, whether Deceased Harris identified Plaintiff Stokes or anyone as her Trustee *prior* to her death is an analysis missing from the Ritchey Memorandum.

22. Given that Deceased Harris designated an individual (the Trustee) and not the Trust as the beneficiary of the Harris Life Policy, that Trustee had to have been identified prior to Harris' death, for one cannot, appoint or change a beneficiary after death of the insured.

23. Probate Judge Coleman lacked authority to stand in the shoes of Deceased Harris and after her death selecting a beneficiary by appointing a "Special Trustee," whatever Special Trustee means. More simply, that Judge had no right to select who would be the beneficiary of Deceased Harris' life insurance money.

24. With no Trustee identified before the death of Harris, it appears the $400,000 FEGLI proceeds would revert to the rest and residue of the Harris Estate.

25. That result would stem from Deceased Harris not having done all that she was required to do under the Policy. It would seem that Deceased Harris' fateful failure would not vest a right in the *Estate* to the funds and thus confer in the *Estate* a right to sue in federal court under FEGLI.

26. Indeed, as to FEGLI jurisdictional and standing concerns, no-one would have standing to present a FEGLI case before this or any federal court because Deceased Harris designated no-one other than the Trustee as beneficiary.

27.     This is another jurisdictional issue present here but not covered in the Ritchey Memorandum.

28.     In the *MetLife v. Johnson*, 2012 WL 2192283 (N.D. Ill. Judge Darrah) case cited by Attorney Ritchey, the insured designated all of the bickering relatives as a beneficiary in some capacity, thus conferring standing on them to litigate in federal court under FEGLI.

29.     Deceased Harris designated neither the *Estate*, the purported Trust, nor Minor Z.K. as a beneficiary. Whether any of these three, especially the *Estate*, has standing to sue under FEGLI is a dispositive question not addressed in the Ritchey Jurisdictional Memorandum

30.     Plaintiff Stokes seeks leave to submit his own Jurisdictional Memorandum.

WHEREFORE, for the foregoing reasons Plaintiff Stokes respectfully moves this Honorable Court to enter an Order:

    a.     Granting Attorney George Jackson III leave to return as Counsel of Record for Plaintiff Stokes;

    b.     Directing both MetLife and Attorney Ritchey to separately provide Plaintiff Stokes with copies of the entirety of their respective files on Deceased Pamela Kaye Harris, specifically including the Pamela Kaye Harris FEGLI Life Insurance Policy;

    c.     Granting both Plaintiff Stokes and MetLife leave to file their respective Jurisdictional Memorandum as they deem warranted; and

    d.     Granting such further relief that this Honorable Court deems reasonable and just under the circumstances.

                              Respectfully submitted,
                              COURTLAND STOKES,

July 2, 2020,              By:    <u>s/Courtland Stokes</u>
                                        Courtland Stokes, Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following by the District Court's ECF system on Thursday, July 2, 2020. Attorney George Jackson III filed the document because Mr. Courtland Stokes does not yet have access to the District Court's EFC system. He has commenced the process of obtaining access.

Mr. Stokes has not selected a hearing date given his uncertainty about the current COVID-19 Motion Practice Protocol.

Attorney Kerry R. Peck
kpeck@peckritchey.com

Attorney Peter M. Brady
pbrady@peckritchey.com

Attorney Jacqueline J. Herring
jackie.herring@svs-law.com

                                                            By:      s/Courtland Stokes
                                                                              Courtland Stokes

Courtland Stokes
*Pro Se*
1701 West 90th Street
Chicago, Illinois 60620
(708) 248-3701
courtlandstokes@yahoo.com